# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Submitted on Briefs September 18, 2002 Session

## JAMES EDWARDS, ET AL. v.
## BANCO LUMBER COMPANY, INC. ET AL.

**Appeal from the Circuit Court for Unicoi County**
**Nos. 5588 & 6191      Jean A. Stanley, Judge**

### FILED OCTOBER 29, 2002

### No. E2002-01038-COA-R3-CV

James and Margaret Edwards ("Plaintiffs") sued Banco Lumber Company Inc., ("Banco") claiming Banco had trespassed on their property and removed timber. Banco filed a third-party complaint against Nathan Byrd, Betty Byrd, Fred Byrd, and Barbara Byrd (the "Byrds") for indemnification relying on a Timber Deed and Contract between Banco and the Byrds. Plaintiffs nonsuited their action against Banco and an Order was entered on May 16, 2000, dismissing only Plaintiffs' action. Apparently realizing this was not a final order, the Trial Court entered a "Final Order" three days later which disposed of not only Plaintiffs' claims but also Banco's third-party complaint against the Byrds. Plaintiffs re-filed their lawsuit against Banco one year and two days after the first order was entered, but less than a year after the "Final Order" was entered. Plaintiffs also sued the Byrds, for the first time, in this second complaint. The Trial Court held the entry date of the first Order should be used when determining whether the second complaint had been re-filed within the one-year time period under the "Saving Statute." The Trial Court dismissed Plaintiffs' claims against Banco and the Byrds holding the statute of limitations had run. We vacate in part and affirm in part.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit**
**Court Vacated in Part and Affirmed in Part; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

J. Russell Pryor, Greeneville, Tennessee, for the Appellants James Edwards and Margaret Edwards.

William B. Lawson, Erwin, Tennessee, for the Appellee Banco Lumber Company, Inc.

Douglas K. Shults, Erwin, Tennessee, for the Appellees Nathan Byrd, Betty Byrd, Fred Byrd, and Barbara Byrd.

# OPINION

## Background

The facts as relevant to this appeal are undisputed. On June 25, 1996, James Edwards filed suit against Banco. Mr. Edwards claimed he was the owner of a certain parcel of land upon which Banco trespassed, cutting a road through Mr. Edwards' land and removing timber. On December 16, 1996, Banco filed an answer to the complaint and also filed a third-party complaint against the Byrds. In the third-party complaint, Banco alleged it had entered into a Timber Deed and Contract with the Byrds wherein the Byrds, *inter alia*, warranted they were the owners of the land in question. Banco claimed that if it was found liable to Mr. Edwards, it was entitled to indemnification from the Byrds. Mr. Edwards then amended his complaint adding Margaret Edwards as a plaintiff. The complaint was never amended to assert a claim against the Byrds.

On May 15, 2000, Plaintiffs filed a motion for voluntary nonsuit. This motion was granted by the Trial Court in an "Order" entered on May 16, 2000, which provides:

> Pursuant to Plaintiff's Motion to take a voluntary non-suit in the accordance with Tennessee Rules of Civil Procedure, 41.01 in the above matter, Plaintiff's action is hereby dismissed without prejudice. The costs of this matter are taxed to the Plaintiff.
>
> Enter pursuant to Rule 58.02. Tennessee Rules of Civil Procedure.

This Order was signed by the Trial Court and all attorneys of record.

Apparently realizing the May 16 Order was not a final order because it did not dispose of Banco's third-party complaint against the Byrds, the Trial Court entered another order on May 19, 2000 which dismissed the entire lawsuit. This second order was denominated a "Final Order" and states as follows:

> The plaintiff's Motion for a voluntary non-suit in this cause is granted. This cause is dismissed. Costs are taxed to plaintiff.
>
> *CLERK: Enter and mail a copy of this Order to counsel/parties.

The "Final Order" was signed only by the Trial Court and does not contain any signatures of counsel. This "Final Order" does contain a certificate of service by the circuit court clerk certifying that this Order was served by mail on May 19, 2000, upon all parties or their attorneys of record as prescribed by the Tennessee Rules of Civil Procedure.

Plaintiffs, represented by new counsel, re-filed their lawsuit against Banco on May 18, 2001, asserting essentially the same cause of action. In this new lawsuit, Plaintiffs, for the first time, also sued the Byrds. This second lawsuit was filed one year and two days after entry of the May 16 Order granting Plaintiffs' motion for nonsuit, but less than one year from the date the May 19 "Final Order" was entered.

Banco filed a motion to dismiss claiming the statute of limitations had run by the time the second lawsuit was filed because the one-year period in which to re-file the lawsuit pursuant to Tenn. Code Ann. § 28-1-105 had expired. In making this argument, Banco relied on the entry date of the first Order granting Plaintiffs a nonsuit as the effective date when the one-year period to re-file the lawsuit began to run. The Byrds then filed a motion for summary judgment, arguing the statute of limitations had run on Plaintiffs' claims against them because Plaintiffs' cause of action accrued on or before August of 1994, and these Defendants were not sued by Plaintiffs until May 18, 2001. The Byrds also asserted the Saving Statute, Tenn. Code Ann § 28-1-105, was not applicable to any claims brought against them by Plaintiffs because they were not sued by Plaintiffs in the original action.

Plaintiffs responded to Banco's motion to dismiss, arguing the one-year period in which to re-file their lawsuit did not begin to run until the "Final Order" was entered on May 19, 2000, and, therefore, the second lawsuit against Banco was filed timely. Plaintiffs filed, in the first action, a Motion for Relief from and to Set Aside May 16, 2000, Order pursuant to Rule 60.02 of the Tenn. R. Civ. P. seeking to have the May 16 Order set aside because that Order was "superceded by the May 19, 2000, Final Order." Plaintiffs set forth various reasons why they were entitled to relief under Rule 60.02, including their claim that neither they nor their new counsel were aware of the existence of the first Order. Plaintiffs also responded to the Byrds' motion for summary judgment, again arguing the second action was filed timely because it was re-filed within one year of the entry of the Final Order. Banco filed a response to Plaintiffs' Rule 60.02 motion, claiming the Rule 60.02 motion should be denied because it was not filed timely and because it failed to set forth sufficient grounds for relief.

In ruling on the various motions, the Trial Court[1] denied Plaintiffs' Rule 60.02 motion, concluding the motion "was not brought timely, and no sufficient grounds for relief were presented to the Court pursuant to Tennessee Rules of Civil Procedure 60.02." Relying on the entry date of the May 16 Order, the Trial Court granted Banco's motion to dismiss after concluding the statute of limitations had run since the second lawsuit had not been filed within one year of the dismissal of the first lawsuit. The Trial Court also granted the Byrds' motion for summary judgment for two reasons. First, the statute of limitations had run and the Saving Statute, Tenn. Code Ann. § 28-1-105, was not applicable because Plaintiffs did not sue the Byrds in the first lawsuit. Second,

---

[1]The original Order and the subsequent Final Order were entered by Chancellor G. Richard Johnson, sitting by Interchange. Plaintiffs' Rule 60.02 motion, as well as Banco's motion to dismiss and the Byrds' motion for summary judgment, were decided by Judge Jean A. Stanley.

even if the Saving Statute was applicable, the second lawsuit was not filed within one year of the dismissal of the first lawsuit.

Although not exactly stated as such, Plaintiffs appeal the Trial Court's denial of their Rule 60.02 motion to set aside the May 16 Order, as well as the Trial Court's granting of Banco's motion to dismiss and the Byrds' motion for summary judgment on the basis that the statute of limitations had run.

**Discussion**

The Trial Court granted the Byrds' motion for summary judgment. Since matters outside the pleadings were considered by the Trial Court when it granted Banco's motion to dismiss, we will treat Banco's motion as a motion for summary judgment in accordance with Rule 12.02.[2] The standard for review of a motion for summary judgment is set forth in *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83 (Tenn. 2000):

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.

---

[2] In relevant part, Rule 12.02 provides that if, "on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples*, 15 S.W.3d at 88-89. A fact is "material" for summary judgment purposes, if it "must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999)(quoting *Byrd v. Hall*, 847 S.W.2d at 211).

The primary issue in this appeal centers around whether the initial May 16 Order or the May 19 Final Order is the one to be used for purposes of calculating the one-year period in which Plaintiffs had to re-file their lawsuit. This Court was recently confronted with a similar issue in *Arfken & Associates, P.A. v. Simpson Bridge Company, Inc.*, No. E2000-02780-COA-R3-CV, 2002 Tenn. App. LEXIS 218 (Tenn. Ct. App. Mar. 26, 2002).[3] In *Arfken*, two Final Orders were entered by the trial court and the issue to be decided on appeal was which one of those two orders controlled for purposes of determining whether the notice of appeal was filed timely. The first "Final Order" was entered by the trial court on September 28, 2000. The next document in the record was one titled "Final Order" entered on October 11, 2000. *Arfken*, 2002 Tenn. App. LEXIS 218 at * 3. In discussing the similarities between the two Final Orders, the majority opinion observed as follows:

---

[3] On September 16, 2002, the Tennessee Supreme Court denied the Rule 11 application for permission to appeal filed by Arfken & Associates, P.A.

Curiously, the subsequent Final Order is an exact copy, *i.e.*, the exact wording, spacing, paragraphing, indenting, punctuation, etc., of the first Final Order. A side-by-side comparison of these two documents leads to the inescapable conclusions that one is a photostatic copy of the other. It is clear to the naked eye that the attorneys' signatures on the documents – and both documents contain the signatures of counsel for each of the parties – are precisely identical. It is apparent that one of the documents was signed by counsel and that the signed copy was then photocopied resulting in the two documents under discussion. It is likewise clear that the trial judge signed whichever of the documents is a copy *and* that she also signed, apparently at a different time, whichever is the original document. In other words, it is clear that, unlike the attorneys, her signature was *not* affixed to the original before it was copied.

*Arfken*, 2002 Tenn. App. LEXIS 218 at * 3, *4.

The majority in *Arfken* concluded the first Final Order controlled because the second Final Order did nothing whatsoever to change the first order. The dissent in *Arfken* believed the second Final Order was the effective order because it was filed within 30 days of the first order, and pursuant to Rule 59.05, a trial court retains jurisdiction to alter or amend its judgment on its own initiative within 30 days of entry. The majority addressed the rationale of the dissent, stating:

The dissent believes that the notice of appeal was timely filed because it was filed within thirty days of the entry of the subsequent Final Order. The dissent correctly points out that when the subsequent Final Order was marked filed by the trial court clerk – on October 11, 2000 – the trial court still had jurisdiction of this case. Thus, the dissent reasons, the trial court had the authority to enter the subsequent Final Order and we should calculate the time for filing the notice of appeal from that date.

*We would agree with the dissent if the subsequent Final Order had changed the first Final Order*; but it did not. As we have pointed out, these two documents are identical. The subsequent Final Order changes nothing; it does not even "tweak" the first Final Order. In our judgment, the subsequent Final Order – since it accomplished absolutely nothing that was not already effective by virtue of the first Final Order – is a nullity. The plaintiff is appealing from the first Final Order regardless of what the notice of appeal says.

*Arfken*, 2002 Tenn. App. LEXIS 218 at *6, *7 (emphasis added).

The majority in *Arfken* indicated it would have agreed with the dissent that the entry date of the second Final Order was applicable *if* the second Final Order had changed the first Final Order. In other words, had there been a change, the second Final Order would have been an alteration or amendment of the first Final Order pursuant to Rule 59.05. In the present case, the May 19 Final Order did just that. Unlike the two orders at issue in *Arfken*, the two orders in the present case are far from mirror images of each other. Equally as important is the fact the first order was not a final order because it did not dispose of all pending claims. The second order was properly titled a "Final Order" because it did dispose of all pending claims. We conclude the Final Order entered on May 19 changed the May 16 order sufficiently to be considered an alteration or amendment pursuant to Rule 59.05. Accordingly, we conclude the May 19 Final Order supercedes the May 16 order.

Having concluded the May 19 Final Order controls, we now turn to whether Plaintiffs are entitled to any relief on appeal. We will discuss the claims against Banco separately from the claims against the Byrds. With regard to Banco, Plaintiffs argue the second complaint was timely filed and the Trial Court erred in not granting their Rule 60.02 motion to set aside the May 16 Order and in dismissing these claims. Because the May 16 Order was superceded by the May 19 Final Order, the May 16 Order has no continuing legal effect and there is nothing to "set aside". We, therefore, affirm the Trial Court's denial of Plaintiffs' Rule 60.02 motion seeking to have the May 16 Order set aside, and we need not discuss whether or not Plaintiffs adequately set forth grounds for relief under Rule 60.02. Unfortunately for Banco, this same reasoning means that Plaintiffs are correct that the second complaint was filed within one year of the dismissal of the first complaint. Accordingly, we vacate the Trial Court's Order granting Banco's motion to dismiss based on the running of the statute of limitations.

The Byrds correctly point out they never were sued by Plaintiffs in the original complaint. Because they were not sued by Plaintiffs in the original action, the Saving Statute, Tenn. Code Ann. § 28-1-105, simply is not applicable as there was nothing to be saved. The Byrds assert Plaintiffs' cause of action accrued on or before August of 1994, seven years and nine months before they were first sued by Plaintiffs on May 18, 2001. The Trial Court concluded Plaintiffs' claims against the Byrds were not timely and the Saving Statute had no application.

On appeal, Plaintiffs only argument as it relates to their claims against the Byrds is that the Saving Statute applies to save these claims, an argument we have rejected because Plaintiffs never sued the Byrds in the first lawsuit. Plaintiffs do not argue on appeal that even if the Saving Statute is not applicable, their claims against the Byrds were timely nevertheless. Likewise, Plaintiffs do not point us to anything in the record which would lead us to conclude the Trial Court committed reversible error when it determined the statute of limitations on the claims against the Byrds had run. The Trial Court's judgment granting the Byrds' motion for summary judgment because the statute of limitations had run is, therefore, affirmed.

## Conclusion

We vacate the Trial Court's Order granting Banco's motion to dismiss. We affirm the Trial Court's denial of Plaintiffs' Motion for Rule 60.02 relief. The Trial Court's judgment granting summary judgment to the Byrds is affirmed. This case is remanded to the Trial Court for further proceedings as necessary consistent with this opinion. Costs of appeal are taxed one-half to the Appellants, James and Margaret Edwards, and their surety, and one-half to the Appellee, Banco Lumber Company, Inc.

_____
D. MICHAEL SWINEY, JUDGE