# IN THE COURT OF APPEALS OF TENNESSEE
# AT KNOXVILLE
Assigned on Briefs June 28, 2011

## IN RE MADDOX B.S., ET AL.

### Appeal from the Chancery Court for Hamilton County
### Nos. 10A044; 10A045    W. Frank Brown, III, Chancellor

---

**No. E2011-00645-COA-R3-PT-FILED-AUGUST 26, 2011**

---

Lyndsey S. ("Mother") and Trey S. ("Father") are the biological parents ("Parents") of Maddox B.S. and Rylie M.S. ("Children").  Veronda S. and James S. ("Grandparents") are the paternal grandparents of Children.  Mother, acknowledging that her consent would result in the termination of her parental rights, sought to consent to the adoption of Children by Grandparents.  Grandparents and Mother petitioned the trial court to terminate Mother and Father's parental rights and allow Grandparents to adopt Children.  The court accepted Mother's consent and terminated her parental rights.  The court terminated Father's parental rights in a default judgment, citing abandonment as the ground for the termination of Father's rights.  Shortly thereafter, Mother moved the court to set aside the final order of adoption, citing fraud and duress as grounds.  Father also moved the court to set aside the termination of his parental rights and the order of adoption, citing fraud and misrepresentation as grounds.  Mother and Father subsequently alleged that the court failed to enter findings of fact and conclusions of law as to whether the termination of Father's parental rights was in the best interest of Children.  The trial court found that it had failed to enter sufficient findings of fact and conclusions of law and set aside the final order of adoption. Mother then sought to revoke her consent.  The trial court allowed the revocation, finding that the final order of adoption that had been set aside was the only document in which Mother had consented to the termination of her parental rights and subsequent adoption.  Grandparents appeal the court's action of setting aside the order, the allowance of Mother's revocation of consent, and the dismissal of the case.  We affirm the decision of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
### Affirmed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Alan R. Beard, Chattanooga, Tennessee, for the appellants, Veronda S. and James S.

Grace E. Daniell, Chattanooga, Tennessee, for the appellees, Lyndsey S. and Trey S.

## OPINION

## I. BACKGROUND

On August 31, 2010, Grandparents and Mother filed a petition to terminate Mother and Father's parental rights and to allow Grandparents to adopt Children. The petition reflected that Mother and Father were divorced in 2009 and that Father had been ordered to pay child support and had been granted visitation rights. Father was residing in Georgia at the time and since the entry of divorce, had not paid child support and had only seen Children on one occasion. Father failed to answer the petition, and Grandparents and Mother filed a motion to enter a default judgment. On October 19, 2010, a default judgment was entered against Father.

Nine days later, a hearing was held in which the final order of adoption was entered. The trial court found that Grandparents had custody of Children in excess of six months, that Mother had consented to the termination of her parental rights and adoption by Grandparents, and that Father had abandoned Children pursuant to Tennessee Code Annotated section 36-1-102. The trial court also found that "[t]he adoption [was] in the best interest of [Children]."

On November 29, 2010, Parents filed a motion to set aside the final order of adoption, alleging fraud, intentional misrepresentation, and deceit by Grandparents to gain Mother's consent and Father's inaction following the service of process for the petition and the resulting default judgment. Mother also alleged that she was under duress and emotional exhaustion when she signed her consent to the adoption. Parents stated that they were not divorced at the time of the filing of the petition and that Father had not abandoned Children. In an amended motion filed on January 7, 2011, Parents again alleged fraud, intentional misrepresentation, and deceit by Grandparents but added the claim that the trial court had failed to enter findings of fact and conclusions of law "concerning the grounds for termination" of Father's parental rights pursuant to Tennessee Code Annotated section 36-1-113(c), (k). Parents filed other various motions not pertinent to this appeal following the filing of their initial motion and the amended motion.

On February 9, 2011, by Memorandum Opinion and Order the trial court set aside the final order of adoption. The court stated, "No where does the final decree state that the termination of the parents' rights were in the child[ren]'s best interest . . ." and ". . .there was no specific evidence [recalled] on the best interest of the child[ren] presented on October 28,

2010." The trial court concluded that it had failed to enter findings of fact and conclusions of law as to whether the termination of Mother and Father's parental rights was in the best interest of Children.

The trial court subsequently entered an amended order, providing that it was not required to issue findings of fact and conclusions of law as to whether the termination of Mother's parental rights was in the best interest of Children because Mother was a co-petitioner and had consented to her termination of parental rights and the resulting adoption by Grandparents. However, the trial court upheld its original ruling that the final order of adoption should be set aside because it had failed to enter findings of fact and conclusions of law regarding whether the termination of Father's parental rights was in the best interest of Children.

On February 21, 2011, Mother filed a revocation of her parental consent to the adoption of Children. On March 4, 2011, the trial court dismissed the case, finding that its action of setting aside the final order of adoption "had the legal effect of setting aside the order of confirmation of [Mother's] consent." This timely appeal followed.

## II. ISSUES

We consolidate and restate the issues raised by the petitioners as follows:

A. Whether the trial court erred in setting aside the final order of adoption as to Father based on its failure to set forth findings of fact and conclusions of law as to whether the termination of Father's parental rights was in the best interest of Children.

B. Whether the trial court erred in setting aside the final order of adoption as to Mother and in allowing Mother to revoke her consent to the adoption proceedings.

## III. STANDARD OF REVIEW

We will review the trial court's action of setting aside the final order of adoption pursuant to Rule 60 of the Tennessee Rules of Civil Procedure under an abuse of discretion standard. *Federated Ins. Co. v. Lethcoe*, 18 S.W.3d 621, 624 (Tenn. 2000); *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). The trial court's allowance of Mother to revoke her consent to the adoption and subsequent dismissal of the case is subject to a de novo review with no presumption of correctness because we are reviewing the trial court's

conclusions of law. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## IV. DISCUSSION

### A. Father

#### 1. Jurisdiction

Grandparents contend that the trial court lacked subject matter jurisdiction to consider the claim that it failed to enter findings of fact and conclusions of law that the termination of Father's parental rights was in the best interest of Children. They alternatively contend that even if the trial court had subject matter jurisdiction to consider this issue, the motion asserting this ground for dismissal was not timely filed pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure. Parents respond that the court had jurisdiction to consider their motion pursuant to Rule 59.04 and 60.02 of the Tennessee Rules of Civil Procedure. They further respond that their motion was timely filed under either rule.

Rule 60.02 of the Tennessee Rules of Civil Procedure provides, in pertinent part,

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for . . . any [] reason justifying relief from the operation of the judgment.

Relief under this rule is considered "an exceptional remedy." *Nails v. Aetna Ins. Co.*, 834 S.W.2d 289, 294 (Tenn. 1992). The function of the rule is to "strike a proper balance between the competing principles of finality and justice." *Banks v. Dement Const. Co., Inc.*, 817 S.W.2d 16, 18 (Tenn. 1991) (quoting *Jerkins v. McKinney*, 533 S.W.2d 275, 280 (Tenn. 1976)). Motions seeking relief under this rule must be "made within a reasonable time." Tenn. R. Civ. P. 60.02.

Parents filed their initial motion on November 29, 2010, within 30 days of the entry of the final order. The amended motion, which cited Rule 60.02, was filed on January 7, 2011, within 90 days of the entry of the final order. Accordingly, we conclude that Parents sought relief pursuant to this rule within a reasonable amount of time. Additionally, we believe that consideration of this issue was important to ensure the finality of the court's order. "A trial court's failure to comply with [Tennessee Code Annotated section] 36-1-113(k) fatally undermines the validity of a termination order." *In re S.M.*, 149 S.W.3d 632, 639 (Tenn. Ct. App. 2004); *see also* Tenn. Code Ann. § 36-1-113(k) ("The court shall enter an order that makes specific findings of fact and conclusions of law within thirty (30) days

-4-

of the conclusion of the hearing."). If the court had failed to make the requisite findings, the appellate court may have vacated the order terminating the parental rights and granting the adoption and "remand[ed] the case to the trial court with directions to file written findings of fact and conclusions of law." *White v. Moody*, 171 S.W.3d 187, 192 (Tenn. Ct. App. 2004). Thus, we also conclude that the trial court's consideration of this issue was proper.

### 2. Finding

Grandparents contend that the trial court erred in setting aside the final order of adoption because the required finding that the *termination* of Father's parental rights was in the best interest of Children was implicit in the court's actual finding that the *adoption* was in the best interest of Children. Grandparents further relate that the court's finding was "legally sufficient" because "termination is a condition precedent to adoption." Parents respond that the trial court's finding was insufficient because the court "did not even mention in its order whether it was in the best interest of [Children] for [Father's] parental rights to be terminated."

Tennessee Code Annotated section 36-1-113(c) provides,

(c) Termination of parental or guardianship rights must be based upon:

>> (1) A finding by the court by clear and convincing evidence that the grounds for termination of parental or guardianship rights have been established; and

>> (2) That termination of the parent's or guardian's rights is in the best interests of the child.

Accordingly, "a court must determine that clear and convincing evidence proves not only that statutory grounds exist [for the termination] but also that termination is in the child's best interest." *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002). If the court fails to make the requisite findings, the appellate court may vacate the order terminating the parental rights and granting the adoption and "remand the case to the trial court with directions to file written findings of fact and conclusions of law." *White*, 171 S.W.3d at 192.

Here, the court failed to make the requisite finding that the termination of Father's parental rights was in the best interest of Children. While the court found that the adoption was in the best interest of Children, such a finding is not sufficient pursuant to Tennessee Code Annotated section 36-1-113. *See In re Adoption of T.L.H.*, No. M2008-01408-COA-R3-PT, 2009 WL 152475, at *5 (Tenn. Ct. App. Jan. 21, 2009). Indeed, the finding that the

adoption was in the best interest of Children was not equivalent to the necessary finding that the termination of Father's parental rights was in the best interest of Children. *See L.D.N. v. R.B.W.*, No. E2005-02057-COA-R3-PT, 2006 WL 369275, at *4 (Tenn. Ct. App. Feb. 17, 2006). The adoption may be in the best interest of Children; however, terminating Father's parental rights may not be in the best interest of Children. "'Termination of a person's rights as a parent is a grave and final decision, irrevocably altering the lives of the parent and child involved and severing forever all legal rights and obligations of the parent.'" *Means v. Ashby*, 130 S.W.3d 48, 54 (Tenn. Ct. App. 2003) (quoting *Brown v. Rogers*, No. M2000-01277-COA-R3-CV, 2001 WL 92083, at *2 (Tenn. Ct. App. 2001)). "'[F]ew consequences of judicial action are so grave as the severance of natural family ties.'" *M.L.B. v. S.L.J.*, 519 U.S. 102, 119 (1996) (quoting *Santosky v. Kramer*, 455 U.S. 745, 787 (1982)). Accordingly, we conclude that the trial court did not err in setting aside the final order of adoption because it failed to issue findings of fact and conclusions of law as to whether the termination of Father's parental rights was in the best interest of Children.

Because we are concluding that the trial court's setting aside of the final order was appropriate on this ground, we will not analyze Parents' alternative responses that the final order of adoption should have been set aside because the proof presented at the hearing was not "sufficient to support a finding of abandonment for the termination of [Father's] parental rights," because Children had not lived in Grandparents' home for the requisite period of time, and because a guardian ad litem was not appointed.

## B. Mother

Grandparents contend that the trial court erred in setting aside the final order as to Mother and allowing Mother to revoke her consent to the adoption. Grandparents assert that Mother's consent as evidenced by her signing of the petition constituted a complete surrender of her rights pursuant to Tennessee Code Annotated section 36-1-117(f) and that as reflected in the language of the petition, she could not revoke her consent after the final order had been entered. Parents respond that once the final order had been set aside, Mother had the right to revoke her consent.

Grandparents' initial contention that the court erred in setting aside the final order of adoption as to Mother is misplaced. We acknowledge that the court was not required to enter findings of fact and conclusions of law as to whether the termination of Mother's parental rights was in the best interest of Children because Mother was a co-petitioner and consented to the adoption. However, because the trial court failed to enter findings of fact and conclusions of law as to whether the termination of Father parental rights was in the best interest of Children, the court had the authority to set aside the order pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. The court stated that it would not accept consent

from one parent without terminating the rights of the other parent. Indeed, the adoption could not be completed without the termination of Father's parental rights. Accordingly, we conclude that the trial court did not err in setting aside the order.

Relative to Grandparents' contention that the court erred in allowing Mother to revoke her consent once the order had been set aside, we acknowledge that a parent's act of "joining in the adoption petition" constitutes a complete surrender of his or her parental rights. Tenn. Code Ann. § 36-1-117(f). However, the

> act of signing the adoption petition shall not *terminate* the parental rights of such parent until the court . . . has entered an order confirming the parental consent and until the court shall have required such parent to answer, under oath, each of the questions required of parents [].

Tenn. Code Ann. § 36-1-117(g)(2) (emphasis added). Once a parent has signed the adoption petition, the court must provide ten "calendar days' written notice . . . of the appearance date for the required response to the court pursuant to [section] 36-1-111 before entry of the order confirming the parental consent is entered by the court." Tenn. Code Ann. § 36-1-117(g)(3). Following the appearance date at which the parent satisfactorily answers the questions,

> the court shall enter an order that confirms the parental consent, and the court shall then, and only then, be authorized to enter an order terminating such parent's rights to the child []; provided, that a parental consent may be revoked at any time prior to the entry of an order of confirmation of the parental consent by the court executing a revocation form as provided in [section] 36-1-112, and such revocation shall negate and void the parental consent.

Tenn. Code Ann. § 36-1-117(g)(4). Indeed, Tennessee Code Annotated section 36-1-112(a)(2)(A) provides that "[a] parental consent may be revoked at any time prior to the entry of an order of confirmation of the parental consent by the court." Once a parent has revoked his or her consent, the child's legal status is returned "to that which existed before the surrender was executed." Tenn. Code Ann. § 36-1-112(e)(1).

Once the final order of adoption that confirmed Mother's consent had been set aside, that order had "no continuing legal effect." *See generally Edwards v. Banco Lumber Co. Inc.*, 101 S.W.3d 69, 75 (Tenn. Ct. App. 2002) (affirming the trial court's denial of the plaintiff's motion to set aside an order that was superceded by the final order). It was as if the final order of adoption that confirmed Mother's consent had never been entered. Consequently, Mother had the right to revoke her consent prior to the entry of a subsequent final order of adoption. When Mother revoked her consent prior to the hearing, Grandparents

were then tasked with terminating both Mother and Father's parental rights without Mother's consent. Accordingly, we conclude that the trial court did not err in allowing Mother to revoke her consent and in dismissing the case.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the cause is remanded for such further proceedings as necessary. Costs of the appeal are taxed to the appellants, Veronda S. and James S. Parents have asked this court to award them appellate attorney fees. An award of such fees is a matter within our sound discretion. *Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995). Exercising that discretion, we respectfully decline to award them appellate attorney fees.

_____
JOHN W. McCLARTY, JUDGE