IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 14, 2024 Session

## JAMES V. HOLLEMAN v. BARBARA J. HOLLEMAN

**Appeal from the Chancery Court for Knox County**
**No. 163466-1      Clarence E. Pridemore, Jr., Chancellor**

_____

**No. E2022-01396-COA-R3-CV**
_____

After many years of contentious post-divorce litigation, the trial court ordered the court clerk's office to distribute property-sale proceeds to the parties. The trial court also ordered that the wife's portion of the sale proceeds be taxed in an amount sufficient to satisfy a previous sanctions award against the wife and an award of attorney's fees to the husband. The wife appeals to this Court. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;
Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Barbara J. Holleman, Knoxville, Tennessee, Pro Se appellant.

William A. Mynatt, Jr. and Robyn J. Askew, Knoxville, Tennessee, for the appellee, James V. Holleman.

## OPINION

### BACKGROUND

This is a post-divorce dispute arising from the sale of the parties' real property on March 18, 2022. It is the parties' third time before this Court. Barbara Holleman ("Wife") and James Holleman ("Husband") divorced in 2006 and entered into a marital dissolution agreement ("MDA") providing that the parties' real property ("the Monterey Road property") in Loudon County would be placed on the market for sale. The parties, however, had difficulty effectuating the sale. Eventually, Wife filed a petition for contempt arising out of Husband's handling of the sale. She also alleged that Husband failed to disclose all of his assets prior to the parties executing the MDA. In her petition,

Wife also alleged that Husband had been unjustly enriched by his rental of the property and that Husband was guilty of misrepresentation and fraudulent concealment. Wife sought an award of compensatory and punitive damages, as well as attorney's fees, but she did not ask that the MDA be held invalid. Husband filed an answer, stating that he had inadvertently failed to disclose his interest in two business entities at the time of execution of the MDA. Husband also admitted that he had rented the Monterey [Road p]roperty, but he averred that the expenses related to the property exceeded the rental income. The trial court conducted a hearing concerning Wife's petition over four non-consecutive days in August, September, and November 2011.

*Holleman v. Holleman*, No. E2018-00451-COA-R3-CV, 2019 WL 2308066, at *1 (Tenn. Ct. App. May 30, 2019) (hereinafter, "*Holleman I*"). The trial court entered an order on January 31, 2012, concluding that Wife's claims regarding the MDA were either without merit or untimely. *Id.* at *2. Regarding the Monterey Road property,

the trial court found that the parties owned this property as tenants in common following entry of the divorce judgment. The court discussed the MDA's provision concerning the Monterey [Road p]roperty, which stated that the property "shall be placed on the market and sold as soon as possible" and "shall be listed with a realtor." The MDA provided that until the Monterey [Road p]roperty was sold, Husband would be responsible for paying all debt and expenses associated with the property. The court ultimately concluded that Wife was entitled to a judgment in the amount of $7,500 for her share of the rents collected from November 2007 to April 2010. All other claims were dismissed.

*Id.* (footnote omitted). The order in which the trial court awarded Wife $7,500 for her share of the rents was entered on March 8, 2012. The parties then engaged in more protracted litigation surrounding the Monterey Road property sale. Wife attempted several times to have the original trial court judge, Chancellor John Weaver, recused. In August of 2016, Chancellor Weaver recused himself, explaining that Wife's claims of bias lacked merit but that "the Court's recusal may serve to facilitate the reaching of the merits on any issues that may come before the Court." *Id.* at *5. The case was then assigned to Chancellor Clarence Pridemore. After Chancellor Pridemore took over the case, however, Wife filed several motions for his recusal. Finally, after several more filings by Wife, the trial court entered an order on August 18, 2017, denying Wife's remaining motions for recusal, ordering the clerk and master to select a realtor to list and sell the Monterey Road property, and assessing Rule 11 sanctions against Wife in the amount of $20,006.50. The trial court ordered the sanctions award be taken from Wife's share of the Monterey Road property-sale proceeds. Wife appealed to this Court, resulting in *Holleman I*. This Court affirmed the trial court's ruling, concluding, *inter alia*, that Wife failed to timely appeal "the trial court's previous orders enforcing the terms of the parties' MDA[.]" *Id.* at *1.

We also awarded Husband his attorney's fees incurred on appeal pursuant to the MDA. We remanded the case to the trial court for a determination on an amount of reasonable attorney's fees for Husband.

On remand, Husband filed a motion requesting a hearing on his reasonable attorney's fees, which the trial court set for October 15, 2019. *Holleman v. Holleman*, No. E2019-02163-COA-R3-CV, 2020 WL 3481697, at *1 (Tenn. Ct. App. June 25, 2020) (hereinafter, "*Holleman II*"). Wife filed several motions in response. However, we noted in *Holleman II* that the relief sought in those filings was "from proceedings and orders that were previously reviewed and adjudicated in *Holleman I*." *Id.* Wife did not appear at the hearing on Husband's attorney's fees, and the trial court entered an order awarding Husband his fees. Wife appealed to this Court again, resulting in *Holleman II*. While Wife raised a host of issues, this Court determined that "most of the questions raised appear to be an attempt to reargue issues that were fully adjudicated in *Holleman I*, or in subsequent orders filed by this Court." *Id.* at *2. Citing the law of the case doctrine, this Court narrowed the issues on appeal in *Holleman II* to 1) whether the trial court violated Wife's due process rights; and 2) whether the trial court erred in awarding Husband $11,260.00 in attorney's fees and expenses. *Id.* at *3. This Court affirmed the trial court's ruling in *Holleman II*.

The Monterey Road property sold on March 18, 2022, and the proceeds were deposited with the trial court clerk's office. On May 26, 2022, Husband filed a motion to distribute his portion of funds. Husband also requested $32,516.50 from Wife's portion to account for the Rule 11 sanctions and his awarded attorney's fees and expenses. It is from these proceedings that the present appeal arises. Wife answered Husband's motion, arguing that the trial court lacked jurisdiction and that the March 8, 2012 order concluded this case. Wife urged that any orders or judgments entered after that point are invalid. Wife also filed a motion for recusal based on "incompetence and bias." The allegations therein are primarily based on events that occurred prior to this Court's opinions in both *Holleman I* and *Holleman II*.

The trial court held a hearing on Husband's motion for disbursement on July 13, 2022, at which it denied Wife's latest motion for recusal and heard testimony from the clerk and master. The trial court entered an order on September 7, 2022, granting each party one-half of the funds held by the clerk and taxing from Wife's half the fees, expenses, and sanctions owed to Husband. The trial court denied Wife's remaining motions, determining that Wife raised no issues that were not addressed in *Holleman I* or *Holleman II*. Wife timely appealed to this Court.

## ISSUES

Wife raises the following issues on appeal which we take verbatim from her appellate brief:

I.      Whether this Court is in agreement with Appellant and grants her "Motion...", filed on March 21, 2024, and remands the case to the lower court for a Motion to be filed, requesting the entry of a Judgment Nunc Pro Tunc effective March 8, 2012, since the Court failed to follow the filing procedures for a Rule 58 Judgment after the Judge signed it on March 8, 2012 and then allows the Record on Appeal to be supplemented with the Judgment Nunc Pro Tunc effective March 8, 2012 and to allow Appellant to File an Amended Brief once the record has been supplemented with the newly entered Judgment Nunc Pro Tunc effective March 8, 2012.

II.     Whether this Court believes that exhibits A-M, as provided in Appellant's "Motion...", filed on March 21, 2014, warrant the entry of a Judgment Nunc Pro Tunc effective March 8, 2012, as the remedy for the Court's failure to adhere to the filing instructions for a Rule 58" Judgment after the Judge signed it on March 8, 2012 - as allowed in Blackburn v Blackburn, 270 SW 3d 42 (Tenn. 2008).

III.    Whether the Law of the Case Doctrine was established by an error of law on the first appeal (and followed on the second appeal) after reviewing Appellant's "Motion..", filed on March 21, 2024, because the case is still pending the entry of a valid Judgment in the trial court since the court failed to follow filing procedures for the entry of a Rule 58 Judgment after the Judge signed it on March 8, 2012.

IV.     Whether the trial court's errors and misrepresentation of the case on the first appeal, as brought forth in Appellant's "Motion ...", filed on March 21, 2024, resulted in the Law of the Case Doctrine being established this Court by an error of law.

V.      Whether the Law of the Case Doctrine was established by an error of law on an issue that wasn't raised by Appellant [ ] decided on the implication that the Judgment entered on March 8, 2012, was made ineffective by valid means, when the Index of the Technical Record on the first appeal and the Knox County Rule Docket do not match, and a document was improperly inserted into the file of the case and the technical record on appeal but not recorded on the Rule Docket or Index of the Technical Record, as presented on Appellant's "Motion...", filed on March 21, 2024.

## DISCUSSION

At the outset, we note that Wife proceeds as a pro se litigant. Nonetheless, she "must comply with the same standards to which lawyers must adhere." *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As we have previously explained:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness

to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Id.* at 926–27 (quoting *Jackson v. Lanphere,* No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011)).

Even against this backdrop, the issues Wife attempts to raise on appeal are difficult to decipher and appear largely related to an order the trial court entered on March 8, 2012. As addressed in *Holleman I,* the March 8, 2012 order resulted from Wife's contempt petition; upon the hearing of that petition, the trial court ultimately awarded Wife $7,500 in rents from November of 2007 through April of 2010. All other claims were dismissed with prejudice. Importantly, we noted in *Holleman I* that "[n]o appeal was filed concerning this judgment." 2019 WL 2308066, at *3.

As best we can discern, Wife takes issue with the manner in which the March 8, 2012 order is labeled in the technical record. She notes in her brief that the trial "court clerks didn't adhere to the procedures for filing a Rule 58 Judgment after the Judge signed it on March 8, 2012 (TCA 20-9-506) and recorded it on the Rule docket as a 'FINAL ORDER.'" Wife spends the majority of her argument opining that the order entered March 8, 2012 was not valid because it was not entered in accordance with Tennessee Rule of Civil Procedure 58.[1] She states that in 2021, she discovered that the March 8, 2012 order was "recorded as a 'Final Order' on the Rule Docket and that the Memorandum Opinion

---

[1] Rule 58 deals with entry of judgment and provides:

Unless otherwise expressly provided by another rule, entry of a judgment or an order of final disposition or any other order of the court is effective when a judgment or order containing one of the following is marked on the face by the clerk as filed for entry:

**(1)** the signatures of the judge and all parties or counsel, or

**(2)** the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel, or

**(3)** the signature of the judge and a certificate of the clerk that a copy has been served on all other parties or counsel.

Following entry of judgment the clerk shall make appropriate docket notations and shall copy the judgment on the minutes, but failure to do so will not affect validity of the entry of judgment. When requested by counsel or pro se parties, the clerk shall forthwith mail or deliver a copy of the entered judgment to all parties or counsel. If the clerk fails to forthwith mail or deliver, a party prejudiced by that failure may seek relief under Rule 60.

Tenn. R. Civ. P. 58.

had been omitted from the record." According to Wife, the March 8, 2012 order was "falsely recorded as a 'Final Order.'" She appears to argue that because of this purported error, the 2022 property sale was "illegal and property ownership is fraudulent." According to Wife, the error regarding the March 8, 2012 order means that the original claims are still pending in the trial court, and a valid judgment for purposes of appeal has not been entered. Wife asks that an order be entered *nunc pro tunc* to March 8, 2012, so that she can support her argument and "file a Motion to Supplement the Record upon its entry." Wife also appears to claim that the law of the case doctrine cannot apply under these circumstances, again due to the March 8, 2012 order's purported mislabeling.

Wife is not entitled to relief. There is no meaningful difference in referring to the trial court's March 8, 2012 order as a "judgment" or a "final order." To the extent that Wife is arguing that an error occurred because the order is referred to as a "final order" in the record, as opposed to a "judgment," this is inapposite because Tennessee law does not distinguish between final orders and judgments. *See, e.g.*, *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 194 (Tenn. Ct. App. 2000) ("A judgment by default is a final order disposing of a case on its merits, like any other judgment."); *see also Utopia Place, LLC v. E. Properties, Inc.-Bellevue*, No. M2014-02196-COA-R3-CV, 2016 WL 4005927, at *4 (Tenn. Ct. App. July 20, 2016) ("Finality may be achieved through a series of orders. As we have noted previously, an order or judgment is final when it disposes 'of all *pending* claims.'" (quoting *Edwards v. Banco Lumber Co., Inc.*, 101 S.W.3d 69, 75 (Tenn. Ct. App. 2002))). More importantly, however, Wife did not appeal the order with which she now takes issue, and that order became final in 2012. *Holleman I*, 2019 WL 2308066, at *1.

Wife states in her brief that she "is objecting to the disbursement of the proceeds from the sale of real property on March 18, 2022, as ordered on September 7, 2022" and argues that the purported 2012 error somehow taints the 2022 Monterey Road property sale. This assertion also lacks merit; again, the March 8, 2012 order was never appealed. Further, the parties sold the Monterey Road property pursuant to an MDA that this Court has previously found valid and enforceable. *See id.* Consequently, the essence of Wife's argument goes to an issue that has already been squarely decided by this Court. Wife's claims regarding the purported errors with the 2012 order do not change the fact that this Court has already ruled that the parties' MDA is valid and enforceable, and the Monterey Road property must be sold pursuant to that MDA. And as we explained in *Holleman II*, pursuant to the law of the case doctrine, Wife cannot continue to relitigate issues that this Court has already adjudicated. *See Holleman II*, 2020 WL 3481697, at *2–3 ("It is well settled that 'when an initial appeal results in a remand to the trial court, the decision of the appellate court establishes the law of the case which generally must be followed upon remand by the trial court, and by an appellate court if a second appeal is taken from the judgment of the trial court entered after remand.'" (quoting *Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998))). The same principles apply here, and Wife cannot achieve an end-run around the law of the case doctrine by attacking the long-final March 8, 2012 order. Again, the order was never

appealed, and there is no error arising from the fact that the order is referenced in the record as both a "judgment" and a "final order."  The parties' MDA is valid and enforceable, and thus there is no issue with the trial court disbursing to the parties the funds from the sale of the Monterey Road property.

Accordingly, we affirm the trial court's September 7, 2022 ruling disbursing the Monterey Road property-sale proceeds to the parties.

### CONCLUSION

The ruling of the Chancery Court for Knox County is affirmed.  Costs on appeal are taxed to the appellant, Barbara J. Holleman, for which execution may issues if necessary.

_____
KRISTI M. DAVIS, JUDGE